FILED UNDER SEAL



AUG - 8 2025

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

GUANGDONG AOYUN
TECHNOLOGY CO. LTD.,

      Plaintiff,

v.

THE UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE A,

      Defendants.

Civil Action No. 1:25-CV-477

## VERIFIED COMPLAINT

Plaintiff Guangdong Aoyun Technology Co. Ltd. ("Guangdong" or "Plaintiff"), by its undersigned counsel, alleges as follows for its Verified Complaint against Defendants in Schedule "A" ("Defendants".)

## NATURE OF THIS ACTION

1.    Guangdong Aoyun Technology brings this action against Defendants pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent No. US 11,629,732 ("the '732 Patent") titled "Fan With Easy-To-Assemble Clamping Device." The '732 Patent protects a fan with an easy-to-assemble clamping device with a limiting slot and without an exposed screw head or nut, which allows for a cleaner appearance, higher product efficiency, and simpler user-experience. A true and correct copy of t the '732 Patent is attached as Exhibit A.

FILED UNDER SEAL

## THE PARTIES

2.      Plaintiff is a resident of the People's Republic of China and maintains a principal place of business at No. 45 Workshop, Huizhou Zhongkai CIMC Intelligent Manufacturing Industrial Park, Shanbei Village, Lilin Town, Huizhou Zhongkai High-Tech Industrial Development Zone, Huizhou City, Guangdong Province, China 516000.

3.      Plaintiff is the sole assignee of the '732 Patent with all right to enforce its claims.

4.      Defendants identified in Schedule "A" are all believed to be individuals, companies, and unincorporated business associations who, upon information and belief, reside in foreign jurisdictions. Defendants sell Infringing Products on the Amazon.com internet retail platform. Since Amazon.com does not require the true names and contact information of sellers to be posted publicly, and sellers may publicly use fictitious names, the public seller names used on online retail stores are unreliable. The true names, identities, and addresses of Defendants are currently unknown.

5.      Defendants conduct their operations through fully interactive commercial websites hosted on various Amazon.com storefront webpages ("Infringing Online Storefronts"). Each Defendant targets consumers in the United States, including the State of Virginia, and has offered to sell and, on information and belief, has sold and continues to sell Infringing Products that embody and infringe the claims of the '732 Patent, to consumers within the United States, including the State of Virginia. For example, the Infringing Products may be purchased by Virginia residents using the Amazon "Prime" online order system and delivered by an Amazon Prime Delivery vehicle in this District.

6.      Through their operation of the Infringing Online Storefronts, Defendants are

2

FILED UNDER SEAL

directly and personally engaged in the importation, offer for sale, and sale of Infringing Products as alleged, often as partners and/or suppliers. On information and belief, Defendants may intentionally or otherwise conceal their identities and the full scope of their infringing operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' infringing acts.

## JURISDICTION AND VENUE

7.      This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

8.      This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

9.      Defendants from outside the United States have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

10.      This Court has Personal jurisdiction over non-U.S. based Defendants because they have supplied their products into this District and under the Federal Long Arm Rule, FRCP 4(k)(2).

(k) Territorial Limits of Effective Service (2) Federal Claim Outside State-Court Jurisdiction. For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
(B) exercising jurisdiction is consistent with the United States Constitution and laws.

11.      Venue is proper in this Court against non-U.S. based Defendants under 28 U.S.C. § 1391 (c)(3) and 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. For purposes of venue regarding cases against foreign corporations, general federal statutes are applicable. This Court is a proper venue for a case against non-U.S. based Defendants in any judicial district in any state to which it is subject to personal

3

FILED UNDER SEAL

jurisdiction.

12.     This Court has personal jurisdiction over Defendants and venue is proper pursuant to Va. Code Ann. § 8.01-328.1 (1950). Personal jurisdiction exists over Defendants because Defendants have minimum contacts with this forum as a result of business regularly conducted within the State of Virginia and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Virginia and this District. This Court has personal jurisdiction over Defendants, in part, because Defendants do continuous and systematic business in this District, including by providing Infringing Products and services to the residents of the District of Virginia through fully interactive websites that allow Infringing Products to be purchased by Virginia residents and shipped to addresses in Virginia. Defendants knew the Infringing Products would be used within this District, and have solicited business from the residents of the District of Virginia using the Amazon.com e-commerce platform.

## BACKGROUND AND GENERAL ALLEGATIONS

13.     Plaintiff was founded in 2022 and is an original equipment manufacturer of hand warmers, small fans, portable energy storage devices, and vehicle car jump starters. Plaintiff relies on the innovation and quality of its products for its reputation and sales. Plaintiff's products are sold worldwide including in commerce in the United States. Plaintiff manufactures and sells small fans that are protected by, and embody the elements of, the claims of the '732 Patent on online platforms to U.S. customers. Plaintiff advertises and sells its clamp-on small fan on Amazon.com under        the        brand        "Beskar        Direct"        and        "Aogeli." Plaintiff has experienced substantial sales and growth due to the innovative and unique design of the clamp-on fan covered by the '732 Patent. The following is an image of one of Plaintiff's fans for sale on Amazon.com under the Amazon Product No. B089Q279R3:

4

FILED UNDER SEAL



14.     In the past few years, Plaintiff has instituted a campaign to police knock-off and infringing products. As its own products enter the U.S. market, Plaintiff has expanded its intellectual property enforcement efforts against infringing products by filing and obtaining U.S. patents to protect its products in this domestic market. Invoking the priority right under the Paris Convention, the Plaintiff filed a U.S. patent application that became the '732 Patent based on a Chinese application, completing the international IP protection framework.

15.     Specifically related to this action, Plaintiff applied for and was granted the '732 Patent for which the claims protect a fan with an easy-to-assemble clamping device. Plaintiff directly sells, domestically and internationally, including within the Eastern District of Virginia, fans with an easy-to-assemble clamping device ("Plaintiff's Products") that are commercial embodiments made under and protected by the '732 Patent. As a result of the success of Plaintiff's

5

FILED UNDER SEAL

Products, Defendants have flooded the online market with sales of Infringing Products in violation of Plaintiff's intellectual property rights and have irreparably damaged, and are continuing to irreparably damage, Plaintiff. Plaintiff has not authorized or licensed any party named in this action to import, offer to sell, or sell products made according to the claims of the '732 Patent.

16.     Plaintiff maintains quality control standards for all of its products sold under the '732 Patent. Genuine Plaintiff's Products are sold directly by Plaintiff to consumers through online sales platforms on Amazon.com. Prior to the flood of Infringing Products entering the market, sales of Plaintiff's Products represented a significant portion of Plaintiff's business.

17.     Upon information and belief, many of the Infringing Products are manufactured by factories based in China and sold wholesale either directly or through China-based e-commerce Internet Online Storefronts. For example, sellers on Amazon.com purchase Infringing Products in bulk from the factory or the Chinese e-commerce sites to sell on Infringing Online Storefronts accessible to US consumers.

**THE PATENT**

18.     On April 18, 2023, United States Patent No. US 11,629,732 entitled "Fan With Easy-To-Assemble Clamping Device" was duly and legally issued by the Unites States Patent and Trademark Office. The '732 Patent claims patent-eligible subject matter and is valid and enforceable. Plaintiff is the exclusive owner of the '732 Patent by assignment and has the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '732 Patent. Defendants are not licensed to the '732 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '732 Patent whatsoever.

19.     The '732 Patent is presumed valid under 35 U.S.C. § 282.

6

FILED UNDER SEAL

20.    The claims of the '732 Patent are directed to a fan with an easy-to-assemble clamping device. Claim 1 of the '732 Patent is the sole independent claim. Claim 1 of the '732 Patent recites:

> 1.    A fan with an easy-to-assemble clamping device, comprising a fan main body, a supporting framework, and a clamping device; the fan main body is rotatably connected to the supporting framework; the supporting framework is rotatably connected to the clamping device; the clamping device comprises:
> a first clamp body, wherein the first clamp body is rotatably connected to the supporting framework;
> a second clamp body, wherein the second clamp body is rotatably connected to the first clamp body, and one side of the second clamp body facing to the first clamp body is provided with a limiting slot;
> a torsional spring, wherein the torsional spring is plugged between the first clamp body and the second clamp body; a first free end of the torsional spring is abutted against a pressing end of the first clamp body; a second free end of the torsional spring is abutted against a pressing end of the second clamp body; and a main body of the torsional spring is abutted against a side wall of the limiting slot.

21.    Figures 1 and 5, copied below, of the '732 Patent illustrate embodiments of a fan with an easy-to-assemble clamping device:



FIG. 1

7

FILED UNDER SEAL



FIG. 5

## INFRINGEMENT

22.    Defendants each manufacture, import, offer to sell, and sell various fans with easy-to-assemble clamping devices. These devices are sold on Amazon.com using Infringing Online Storefronts. (See **Exhibit B** to the Complaint)

23.    Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '732 Patent by making, using, testing, selling, offering for sale and/or importing into the United States the Infringing Products.

24.    Plaintiff has conducted a detailed analysis, establishing and confirming that Defendants' Infringing Products infringe claims of the '732 Patent, directly or by the doctrine of equivalents. The Infringing Products are all fans with easy-to-assemble clamping devices.

25.    Each Accused Product is a fan with a clamping device that includes all of the

8

FILED UNDER SEAL

claimed elements of at least one claim of the Patent-in-Suit.

26.    **Exhibit B** contains exemplary claim charts and examples that demonstrate the correspondence of the Infringing Products with elements of exemplary claims of claim 1 of the '732 Patent. The charts are submitted as examples of each of the fans with easy-to-assemble clamping devices of Defendants that all include claimed elements. Plaintiff reserves the right to modify and supplement the charts as discovery progresses and/or products are introduced or removed from the market and as part of Plaintiff's infringement contentions.

27.    Defendants have continued infringement.

28.    Defendants have infringed, and continue to infringe, at least one or more claims of the '732 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling and importing into the United States, devices , that infringe the asserted claims in the United States. Defendants continue to manufacture, use, offer to sell, sell and/or import Infringing Products.

29.    The '732 Patent is also infringed under 35 U.S.C. § 271(a) when an accused product is "used" by a Defendant as a fan with an easy-to-assemble clamping device.

30.    Upon information and belief, the Defendants have directly infringed one or more claims of the Patent-in-Suit under 35 U.S.C. § 271(a):

> (a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, offering to sell, selling and importing Infringing Products in the United States. Defendants continue to infringe claims of the Patent-in-Suit.

31.    Defendants do not have a license or authority to import, make, use, or sell goods

9

FILED UNDER SEAL

under the Patent-in-Suit.

32.    As a result of Defendants' infringement of the '732 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

33.    Defendants, without authorization or license from Plaintiff, continue to infringe the claims of the '732 Patent in connection with the advertisement, offer for sale, and sale of the Infringing Products, through, *inter alia*, the Internet. Each Infringing Online Storefront offers shipping to the United States, including Virginia, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Virginia. The Defendants are continuing to offer to sell and sell Infringing Products via Amazon.com.

34.    Defendants have been willfully infringing the Patent-in-Suit since at least as early as they became aware of the '732 Patent. On information and belief, the Defendants have no good faith defense to Plaintiff's infringement allegations and have refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Defendants have intentionally continued their knowing infringement.

35.    Many sellers on the Online Storefronts go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate the Infringing Online Storefronts. For example, on information and belief, Defendants regularly create new Online Storefronts on Amazon.com using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operations and to prevent the Infringing Online Storefronts from being disabled.

10

FILED UNDER SEAL

36.    Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Infringing Products that infringe upon the Patent-in-Suit unless preliminarily and permanently enjoined.

37.    Plaintiff has no adequate remedy at law.

## COUNT 1
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 11,629,732

38.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

39.    Defendants have infringed, and continue to infringe directly or by the doctrine of equivalents, claims 1-14 of the '732 Patent under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Infringing Products in the United States.

40.    Neither Defendants nor their customers have a license or authority to use the '732 Patent.

41.    As a result of Defendants' infringement of the '732 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

42.    Defendants will continue to register or acquire listings for the purpose of selling Infringing Products that infringe upon the '732 Patent unless preliminarily and permanently enjoined.

43.    The Defendants have infringed the '732 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

FILED UNDER SEAL

44.    Defendants' infringement of the '732 Patent has been willful under 35 U.S.C. § 284.

### PRAYER FOR RELIEF

For a judgment declaring that Defendants have infringed the Patent-in-Suit;

For a judgment declaring that Defendants' infringement of the Patent-in-Suit has been willful;

For a grant of a preliminary and permanent injunction pursuant to 35 U.S.C. §283, enjoining the Defendant from further acts of infringement;

For a judgment awarding Plaintiff compensatory damages as a result of Defendants' infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the Patent-in-Suit in an amount to be determined at trial;

For a judgment and order awarding a compulsory ongoing royalty;

For a judgment declaring that Defendant's infringement was willful and for enhancement of damages in accordance with 35 U.S.C. § 284;

That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

using the claims of the Patent-in-Suit in connection with the distribution, advertising, offer for sale, and/or sale of merchandise not the genuine products of the Plaintiff;

committing any acts calculated to cause consumers to believe that Defendants' Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

from further infringing the Plaintiff's patent rights;

12

FILED UNDER SEAL

shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing, or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that bear the Designs or any reproductions, counterfeit copies, or colorable imitations thereof;

using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Online Storefronts, listings, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Infringing Products infringing the Patent-in-Suit;

For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

13

FILED UNDER SEAL

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial

by jury as to all claims in this litigation.

Date: June 25, 2025                              Respectfully submitted,

                                                  _/s/_____
                                                  Kendal M. Sheets
                                                  ksheets@dnlzito.com
                                                  Joseph J. Zito (*pro hac pending*)
                                                  jzito@dnlzito.com
                                                  Tel. (202) 466-3500
                                                  DNL ZITO
                                                  1250 Connecticut Avenue, NW
                                                  Suite 700
                                                  Washington, DC 20036
                                                  Fax: (703) 997-7534

                                                  *Attorneys for Plaintiff*

Verified by:    *Zhu Xue Ping*
       For:  Guangdong Aoyun Technology Co. Ltd.
             Plaintiff / Patent Owner

14