IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| **GUANGDONG AOYUN TECHNOLOGY CO. LTD.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,**<br><br>**Defendants.** | Civil Action No. 2:25-cv-477 |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER AND ASSET RESTRAINING ORDER**

This matter is before the Court on Guangdong Aoyun Technology Co. Ltd.'s ("Plaintiff") *Ex Parte* Motion – as to The Unincorporated Associations Identified in Schedule "A" (collectively, "Defendants") – for (1) a Temporary Restraining Order to prevent further sales; and (2) an order restraining Defendants' assets and Online Storefronts. The Court has considered the Motion, the evidence of record, arguments of counsel, and the applicable law.

Pursuant to 35 U.S.C. § 283 and Federal Rules of Civil Procedure 64 and 65, for good cause shown that Plaintiff has satisfied the requirements for issuance of a Temporary Restraining Order, the Court GRANTS Plaintiff's Motion.

**FACTUAL FINDINGS & CONCLUSIONS OF LAW**

1. Plaintiff has established: (i) Plaintiff is likely to prevail on the merits of its claims asserting that each Defendant's Infringing Products (as defined below) infringe at least one claim

of the Patent-in-Suit (as defined below); (ii) Plaintiff has no adequate remedy at law to compensate for Defendants' infringing activities and Plaintiff has suffered, and will continue to suffer, irreparable harm absent the entry of a temporary restraining order ("TRO"); (iii) the balance of equities weighs in favor of granting Plaintiff's requested TRO; and (iv) the requested TRO will serve the public interest.

2. Plaintiff sells its easy-to-assemble Clamp on Fans ("Clamp on Fans").

3. Plaintiff's Clamp on Fans are the subject of, and embody claims of, United States Patent No. 11,629,732 B1, issued on April 18, 2023 ("the '732 Patent" or the "Patent-in-Suit").

4. Defendants, through their operation of pseudo-anonymous online commerce storefronts ("Online Storefronts") under Defendants' respective seller identifiers set forth in Schedule "A" to the Complaint (Defendants' "Seller IDs"), through online commerce platforms including, but not limited to, Amazon.com ("Online Marketplaces"), have promoted, advertised, distributed, had manufactured, imported offered for sale, and sold unauthorized products that are found to be likely to infringe the Patent-in-Suit based upon evidence presented

5. Through the Online Marketplaces, Plaintiff accessed and inspected all Defendants' Online Storefronts operated under Defendants' Seller IDs that are at issue in this case. The details of Defendants' Online Storefronts (including descriptions, images, and reviews) were inspected by Plaintiff's legal representatives who confirmed that each Defendant is or was at least offering for sale products that infringe upon at least one of the claims asserted in the Patent-in-Suit.

6. Defendants' Infringing Products were analyzed by Plaintiff's legal counsel to confirm the allegations of infringement as set forth in the Amended Complaint and infringement claims charts attached thereto.

7. Plaintiff is likely to suffer immediate and irreparable injury, damages, and losses unless Plaintiff's Motion is granted.

8. Absent the relief requested by Plaintiff, there is good cause shown that (1) the unauthorized and unlicensed offering for sale and sale of Infringing Products will continue in the Online Marketplaces; (2) Plaintiff will continue to lose sales of Plaintiff's Clamp on Fan; and (3) the marketplace for Plaintiff's authorized and Plaintiff's licensed Clamp on Fan will continue to be eroded and tarnished.

9. The only potential harm to Defendants if a TRO issues, is loss of sales of infringing product.

10. The balance of potential harm to Defendants if a TRO issues is outweighed by the harm to Plaintiff if a TRO is not issued.

11. The public interest favors issuance of the TRO by protecting the public's interest in preserving the rights of intellectual property holders.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Motion is hereby GRANTED as follows:

**I. TEMPORARY RESTRAINING ORDER – RESTRAINT OF DEFENDANTS' ASSETS AND ONLINE STOREFRONTS**

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons

in active concert or participation with it, having notice of this Order, are hereby restrained as follows:

1. Defendants are Temporarily restrained and preliminary enjoined from their continued infringement of the Asserted Patent owned by Plaintiff, including the unauthorized and unlicensed promotion, advertisement, distribution, manufacture, import offer for sale, and sale of the Accused Products.

2. Defendants are temporarily restrained and preliminarily enjoined from shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, the Accused Products, which infringe upon at least one claim of the Patent-in-Suit;

3. Defendants are restrained from secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of any computer files, data, business records, documents, or other records, or evidence relating to their user accounts or Online Storefronts, and any money, securities, or other property or assets of Defendants (collectively, Defendants' "Assets").

4. Defendants are restrained from transferring ownership of the Online Storefronts, user accounts, or Seller IDs;

5. Defendants shall preserve copies of all computer files relating to the use of any Online Storefronts, user accounts, and Seller IDs, and shall take all steps necessary to retrieve and maintain computer files relating to the use of any Online Storefronts, user accounts, and Seller IDs that may have been deleted prior to entry of this Order;

6. Upon receipt of this Order, Defendants and all marketplace platforms, shall immediately identify and restrain all funds associated directly with the sale of accused products related to the Defendants as identified on Schedule "A" hereto.

7. The Third Party Institutions shall, within five (5) business days of receiving this Order, provide Plaintiff's counsel with all data that details (1) an accounting of the total funds restrained.

8. Upon Plaintiff's request, any Online Marketplace that is provided with notice of this Order, including but not limited to any Third Party Institutions, shall immediately cease fulfillment of and sequester Defendants' Assets corresponding to the Seller IDs identified on Schedule "A" hereto, which assets are in the possession, custody, or control of the Third Party Institution, and hold such goods in trust for the Court during pendency of this action;

9. This Order shall remain in effect until the date for the hearing to show cause why a preliminary injunction should not be issued as set forth below, or until such further date as set by the Court or stipulated by the parties.

B. IT IS HEREBY ORDERED, that Plaintiff's Motion is Granted. It is further ORDERED that Defendants identified in the Amended Schedule A to the Amended Verified Complaint.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiff's request, and within five (5) business days of Plaintiff's request:

All Online Marketplaces shall, upon receipt of this Order, suspend or block any and all purchases of product identified in Amended Schedule A.

### ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND SERVICE OF ORDER

A. Defendants are hereby ORDERED to appear before this Court in the United States District Court for the Eastern District of Virginia, on the 24th day of **November, 2025** at 10:00 a.m. **EDT (Eastern Daylight Time)** or at such other time that this Court deems appropriate, and show cause as to why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue. **DEFENDANTS ARE ON NOTICE THAT FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE IMPOSITION OF A PRELIMINARY INJUNCTION AGAINST THEM**.

B. Opposing papers, if any, shall be filed on or before **November 21, 2025** and shall be filed electronically with the Court, and shall be served upon Plaintiff's counsel delivering copies thereof to the office of DNL Zito at 1250 Connecticut Ave. NW, Suite 700, Washington, D.C. 20036. Plaintiff shall file any reply papers on or before **November 23, 2025.**

### IV.    SECURITY BOND

IT IS FURTHER ORDERED that the Plaintiff shall place security (corporate surety bond, cash, certified check, or attorney's check) in the amount of Five Thousand Dollars (US $10,000.00) with the Court, which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

### V.    SUMMONS

IT IS FUTHER ORDERED that the Clerk of the Court shall issue a single original summons in the name of all Schedule "A" Defendants, which shall apply to all Defendants.

IT IS SO ORDERED

                                                                           _____

                                                                           Elizabeth W. Hanes  
                                                                           United States District Judge

Norfolk, Virginia  
Date: